## MATTER OF MAZARD

### In Visa Petition Proceedings

### A-20878992

*Decided by Board January 17, 1979*
*Decided by Board May 23, 1979*

(1) Prior to 1974, the law on adoption in Haiti was governed by the Presidential Decree of 1966, which authorized adoption of any child less than 16 years of age. *Matter of Mazard*, Interim Decision 2686 (BIA January 17, 1979) overruled; *Matter of Aladin*, Interim Decision 2425 (BIA 1975) overruled.

(2) Adoptions occurring in Haiti on or after April 4, 1974, are governed by the Presidential Decree of April 4, 1974, which authorizes adoption of any child of less than 16 years of age.

(3) Section 101(b)(1)(E) of the Immigration and Nationality Act includes, in the definition of the term "child," a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least 2 years.

(4) The two-year requirement of section 101(b)(1)(E) with respect to residence may include periods of residence accumulated prior to formal adoption. *Matter of M—*, 8 I. & N. Dec. 118 (BIA 1958; A.G. 1959). However, the two-year legal custody requirement can only be satisfied by custody subsequent to the adoption. *Matter of Lee*, 11 I. & N. Dec. 911 (BIA 1966).

(5) Where the beneficiary was allegedly adopted in Haiti in 1973 at the age of 12 years, the adoption is governed by the provisions of the Presidential Decree of 1966, and the petitioner is not precluded from establishing that the beneficiary was lawfully adopted under Haitian law. The record is remanded for additional evidence that the adoption document submitted by the petitioner in support of the visa petition constitutes a final decree of adoption and also that he meets the residence and legal custody requirements of section 101(b)(1)(E).

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

## BEFORE THE BOARD
(January 17, 1979)

The United States citizen petitioner applied on July 29, 1977, for immediate relative status for the beneficiary as his adopted child under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). This petition was denied by the District Director on September 2, 1977,

---

*Replaces #2686 decision of January 17, 1979.

on the ground that the adoption was in contravention of the laws of Haiti and therefore not recognizable for immigration purposes. An appeal was filed from that decision. On November 29, 1977, we remanded the record for further proceedings. On July 5, 1978, the Acting District Director reaffirmed the District Director's decision of September 2, 1977, and certified his decision to us for review. The petitioner requests reversal and the granting of the petition.

The beneficiary is a 17-year-old native and citizen of Haiti. Her date of birth is September 11, 1961. In support of the petition, the petitioner presented evidence that he adopted the beneficiary in Haiti on May 15, 1973.

The petitioner contends that the Presidential Decree of April 4, 1974, governs this adoption and not the decree of 1966 discussed in our decision in *Matter of Aladin*, Interim Decision 2425 (BIA 1975). Which decree is applicable is determinative in this case since the decree of April 4, 1974, allows adoptions for the benefit of any child less than 16 years of age while the decree of 1966 authorizes adoptions only for the benefit of any children less than 6 years of age. The beneficiary was less than 12 years of age on May 15, 1973.

On remand the District Director obtained a translation of the Haitian adoption decree of 1974. The District Director also obtained a memorandum from the Library of Congress concerning retroactivity of the 1974 decree. Our review of both documents satisfies us that the claimed adoption of May 15, 1973,[1] is not governed by the 1974 decree and is therefore in contravention of the applicable Haitian legal provisions. Since the adoption is not recognizable for immigration purposes on this ground, we need not address the legal custody requirement in section 101(b)(1)(E) of the Act, 8 U.S.C. 1101(b)(1)(E). Accordingly, we will affirm the Acting District Director's decision denying this petition.

Considering the fact that the law of adoption in Haiti has changed, a few comments are proper. The documentation available to the Board indicates that the decree of 1966 referred to in *Matter of Aladin, supra*, is determinative of all adoptions in Haiti occurring after its publication and before April 4, 1974. The 1974 decree abrogates the provisions of the 1966 decree inconsistent with its provisions but does not repeal the 1966 decree. Adoption in Haiti is a judicial act. Consequently, only certified copies of a court order or judgment approving the adoption will be considered proper evidence of an adoption in Haiti.

ORDER: The Acting District Director's decision of July 5, 1978, is affirmed.

---

[1] The petitioner in the notice of appeal dated July 22, 1978, does not challenge that the date of the beneficiary's adoption is May 15, 1973.

ADDENDUM

TRANSLATION FROM THE FRENCH

Presidential Decree of April 4, 1974

DECREE

Jean-Claude Duvalier
President for Life of the Republic

Whereas . . . . the child is at the center of attention of the family law;

Whereas the evolution of our laws and the provisions on public order of our constitution, establishing that every decision of justice be motivated, make it possible to fill the gaps and to amend some provisions of Decree of March 25, 1966, on adoption;

Whereas there is an urgent need to expand the content of said decree, through a more logical and rational application of its text, and particularly to ensure that in his or her new family the adopted shall possess the same rights and obligations as those resulting from a biological, legitimate, and natural filiation;

In view of the Report of the State Secretary of Justice;

And after deliberation in the Council of State Secretaries;

DECREES

*Art. 1.* Adoption is a solemn act which creates between a person and a child who is not biologically his or her child a legal relationship similar to that resulting from paternity and filiation.

It is authorized in favor of minors less than 16 years old, whenever there are justified reasons resulting in real and sure benefits for the adopted.

*Art. 2.* Adoption is permitted only by persons of either sex over 35 years of age. Nevertheless, it can be requested jointly by two spouses who are not separated and at least one of whom is over 35 years old, provided that they have been married for more than 10 years and do not have children of their own.

At the moment of adoption, the adopters should have neither children nor descendants.

The adopters must be 19 years older than the persons they intend to adopt, except when the latter are children of one of the spouses. In this case the minimum age difference should be 10 years; it may be further reduced by dispensation from the President of the Republic.

*Art. 3.* Except in case of dispensation by the President for Life of the Republic, adoption is permitted only when there are no legitimate or natural descendants.

*Art. 4.* The existence of adopted children does not hinder new adoptions by the same adopter, provided that the latter can establish that he or she has economic resources to meet his or her obligations.

*Art. 5.* A Haitian may adopt or be adopted by a foreigner. Adoption does not cause a change in the nationality of the adopted.

Nevertheless, a foreigner adopted by a Haitian may acquire the Haitian nationality through a declaration renouncing his or her foreign nationality before the parquet of the civil court of his or her residence when he or she comes of legal age.

A record of this declaration shall be sent to the Department of Justice which shall publish it in the *Moniteur*, stating that said person is a Haitian pursuant to the law.

*Art. 6.* If the father and mother of the minor to be adopted are still alive, the consent of both is required for the adoption. If one of the parents is deceased or incompetent to express his or her will, the consent of the other parent shall be sufficient.

If the parents are divorced or separated, the consent of the spouse to whom was granted the divorce or separation as well as the guardianship of the child shall be sufficient; nevertheless, if the other parent did not give consent, he or she shall be notified of the act of adoption and it shall not be approved until at least 30 days after the notification. If during this period the spouse notifies the registry of his or her opposition, the court shall hold a hearing before it makes a decision.

*Art. 7.* If adoption is requested jointly by both spouses, who have been married 10 years, are not separated, and one of whom is over 35 years old, the age difference requirement of 19 years can be reduced by dispensation granted by the President of the Republic.

*Art. 8.* In case of death of the adopter, or of both adopters when it is made jointly, a new adoption may be pronounced.

*Art. 9.* If the father and mother of the minor to be adopted are still alive, the consent of both is required for the adoption.

Provided that one of the parties is deceased or legally incompetent to express his or her will, the consent of the other party shall be sufficient.

*Art. 10.* The communal magistrate or the president of the communal commission of the domicile of the adopted legally represents minors with unknown father and mother and consents to their adoption, notwithstanding the provisions of Decree-Law of December 3, 1973, which regulates the statute on minors in children's homes.

*Art. 11.* In the cases mentioned in the preceding articles, the consent is given in the act of adoption itself or by a separate act authorized before a notary, the justice of the peace of the domicile of the adopter or of the ascendents of the adopted, or, abroad, before a Haitian diplomatic or consular officer.

*Art. 12.* When the minor has neither father nor mother, or if they are

legally incompetent to express their will, the consent is given by the *Conseil de Famille* (Family Council).

*Art. 13.* Adoption creates the same rights and obligations as those proceeding from legitimate or natural filiation.

*Art. 14.* The adopted and his or her legitimate or natural descendants possess the same inheritance rights in the family of the adopter as those of a legitimate or natural child.

*Art. 15.* Adoption grants to the adopted the name of the adopter, in addition to his or her original name. When both the adopter and the adopted have the same family name, no change will occur in the name of the adopted. At the request of the adopter the court can approve modification in the given names of the adopted. In case of adoption by spouses, the adopted takes the husband's name.

*Art. 16.* The adopted remains in his or her natural family and retains all his or her inheritance rights in that family.

*Art. 17.* In relation to the adopted, the adopter possesses the rights and obligations provided by the Civil Code in the law on paternal authority.

In case of interdiction, of judicially established absence, or of death of the adopter when the adopted is still a minor, the paternal authority reverts in full to the minor's ascendants.

*Art. 18.* The bond of kinship resulting from the adoption extends to the children of the adopted.

*Art. 19.* Marriage is prohibited between:

The adopter, the adopted and his or her descendants;

The adopted and the spouse of the adopter and reciprocally between the adopter and the spouse of the adopted;

The children adopted by the same individual;

The adopted and the children which could be born to the adopter.

Nevertheless, these prohibitions can be lifted for serious reasons by dispensation from the President of the Republic.

*Art. 20.* The adopted and his or her descendants do not acquire any inheritance right on the assets of the adopter's parents. But they possess over the succession of the adopter the same rights granted to legitimate and natural children or descendants.

*Art. 21.* The adopter shall provide for the support of the adopted if need be, and vice versa.

The obligation to provide support continues between the adopted and his or her [natural] parents. Nevertheless, the father and mother of the adopted are not obliged to provide support unless the adopted cannot obtain it from the adopter.

*Art. 22.* If the adopted dies without descendants, the property donated by the adopter or collected in his or her succession and which exist in nature revert to the adopter or the adopter's descendants at the

moment of the death of the adopted, with obligation to pay the debts and without affecting the rights of third persons. All other assets of the adopted revert to his or her original parents.

*Art. 23.* If the adopter lives after the decease of the adopted, and the children or descendants of the adopted also die without leaving descendants, the adopter collects only the property donated by him or her.

*Art. 24.* The person who intends to adopt and the legal representative of the minor, accompanied by the minor, shall appear before the justice of the peace of the adopter's domicile to put upon record, free of charges, their respective consent. However, if the adopter is a foreigner, they shall appear before the justice of the peace of the domicile of the adopted.

The adopter shall establish through documents the age difference required between the adopted and himself or herself, and shall submit a recent medical certificate to show that he or she is free of any contagious disease.

*Art. 25.* The adoption act shall be approved in Haiti before the civil court of the jurisdiction of the adopter, or in the case of a foreign adopter, before the civil court of the domicile of the adopted.

*Art. 26.* The Court assembled in Chamber of Council shall verify, considering the written opinion of the Public Ministry [Public Attorney]:

1) If all the formalities of the law are observed;

2) If the adoption is based on justified causes and is in the true interest of the adopted.

*Art. 27.* After deliberations, the Court shall pronounce a decision that there is or is not adoption.

In the first case, the content of the decree of judgment should be in accordance with the provisions of article 812 of the Code of Civil Procedure.

*Art. 28.* If the petition for adoption is denied, the parties involved may, within 30 days after the rendering of the judgment, submit it to the Court of Appeals, which shall examine it in the same way as did the Civil Court.

By means of a founded resolution the Court of Appeals shall either confirm the decision or decide to grant the adoption.

*Art. 29.* In case of a favorable decision the Public Attorney may file an appeal before the Civil Court and the resolution shall be given in the manner described above.

*Art. 30.* The appeal on cassation against the decision rejecting the petition for adoption shall be made within 30 days from the notification of the resolution, in the manner established by the Code of Civil Procedure in matters of appeal to higher court.

*Art. 31.* Only the judgment or resolution which approves the adoption

is pronounced in open court. The content of the decree is recorded by the Officer of Civil Status of the place of adoption in a Special Register at the request of the Commissioner of Government.

*Art. 32.* Adoption produces its effects only after the fulfillment of the formalities established in article 812 of the Code of Civil Procedure.

Nevertheless, the parties are joined together from the moment of the act of adoption. Adoption may not be opposed by third parties except after the recording of judgment or of the resolution granting the adoption.

*Art. 33.* If the adopter dies after the adoption act has been received and the request granting the adoption has been presented to the Civil Court, the examination shall continue and adoption shall be admitted if there is one; but the court may, if it believes the adoption to be inadmissible, return all the records and documents to the Public Attorney.

*Art. 34.* The competent Civil Court may pronounce the annulment of adoption for serious causes at the request of the adopter, of the adopted if he or she is of legal age, or of the Commissioner of Government if the adopted is a minor of more than 13 years of age.

The judgment of the Court can be appealed in all cases.

The annulment discontinues from that moment thereafter all the effects of adoption.

*Art. 35.* The present decree repeals all laws or provisions of laws, all decrees or provisions of decrees, all decree-laws or provisions of decree-laws which are contrary to this decree, and shall be published and executed by the State Secretaries of Justice and of Social Affairs, each in the matters related to its jurisdiction.

Given at the National Palace, Port-au-Prince, April 4, 1974. 171 years of Independence.

Jean-Claude Duvalier, . . . .

Translated by Rubens Medina, Chief, and
  Dario C. Ferreira, Legal Research Assistant
Hispanic Law Division
Law Library, Library of Congress
January 1978


BEFORE THE BOARD
(May 23, 1979)


On January 17, 1979, we affirmed the decision of the Acting District Director denying the visa petition filed on behalf of the beneficiary as the petitioner's adopted child under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). *Matter of Mazard,* Interim Decision 2686 (BIA 1979). Upon our own motion, we will reopen the

proceedings and withdraw our prior decision in this case. See 8 C.F.R. 3.2.

The petitioner is a 50-year-old native of Haiti and citizen of the United States who seeks immediate relative status on behalf of the beneficiary, a 17-year-old native and citizen of Haiti. In support of his visa petition filed on July 29, 1977, the petitioner submitted the beneficiary's birth certificate and a translation of a document entitled "Adoption Act." This document states, in relevant part, that the petitioner, on May 15, 1973, declared that he was "willing to adopt as his own daughter the minor Ketly Mazard, twelve years of age" and that the petitioner "declare adopt and as a concret act adopt the minor Ketly Mazard [sic]." In his decision denying the visa petition, dated September 2, 1977, the District Director, relying on our decision in *Matter of Aladin*, Interim Decision 2425 (BIA 1975), found that, under the law of Haiti, an adoption is valid only if it takes place before the child reaches the age of 6. The petitioner appealed from this denial, claiming that the law regarding adoption in Haiti had been revised to raise the age at which a child could be adopted to 14 years. In a decision dated November 29, 1977, we noted the fact that a new Haitian adoption law was enacted under a decree of April 4, 1974. We remanded the record to the District Director for clarification in light of the statement in the adoption papers submitted by the petitioner that the adoption was issued pursuant to the Presidential decree of April 4, 1973. On July 5, 1978, the Acting District Director again denied the visa petition, finding that the law regarding adoptions in Haiti had changed on April 4, 1974, and, accordingly, the beneficiary's adoption by the petitioner on May 15, 1973, was governed by the Board's decision in *Matter of Aladin, id.* The Acting District Director certified his decision to us for review, and, in *Matter of Mazard, supra,* we affirmed his denial of the visa petition.

On April 10, 1979, we requested clarification from the Library of Congress as regards the age by which a child must be adopted under Haitian law. In a letter dated May 3, 1979, Armando E. Gonzalez, Assistant to the Chief of the Law Library, Hispanic Law Division, responded, in pertinent part, as follows:

Prior to 1974 the law on adoption in Haiti was found within the Decree of February 25, 1966 (*Le Moniteur*, Mar. 18, 1966, Extraordinary Issue). Concerning the age at which a child could be adopted, that decree provided:

Art. 1. Adoption is the act whereby a person takes [as his or her own] a child who is not his or her natural issue. This act is authorized to the benefit of any child of less than sixteen years of age, as long as the adopter shows just motives and this is advantageous to the adopted child.

This decree of 1966 was superseded by the one of April 4, 1974 (*Le Moniteur*, Apr. 18, 1974), presently in force. Article 1, paragraph 2 of this decree sets the same age limitation for adoption as that stated in the previous decree.

In light of this new translation of the law of adoption in Haiti, we will

overrule our prior decision in *Matter of Aladin, supra,* insofar as it required that a valid adoption in Haiti could only occur when the child to be adopted was under the age of 6 years. Consequently, the petitioner in the present case, having adopted the beneficiary at the age of 12 years, is not precluded from establishing that the beneficiary qualifies as his adopted child under section 101(b)(1)(E) of the Act, 8 U.S.C. 1101 (b)(1)(E).

Section 101(b)(1)(E) defines the term "child" to include an unmarried person under 21 years of age who is—

(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years. . . .

The two-year requirement with respect to residence may include periods of residence accumulated prior to formal adoption. *Matter of M—,* 8 I. & N. Dec. 118 (BIA 1958; A.G. 1959). However, the two-year legal custody requirement can only be satisfied by custody subsequent to the adoption. *Matter of Lee,* 11 I. & N. Dec. 911 (BIA 1966). Although the petitioner is not precluded from establishing that the beneficiary was validly adopted under Haitian law, we find it necessary to remand the record to allow the petitioner an opportunity to present evidence that he has met the residence and legal custody requirements of section 101(b)(1)(E). We note also that the document submitted by the petitioner as evidence of the beneficiary's adoption does not clearly indicate that it is a final court judgment. Certain of the language contained in the translation of that document indicates that it may be merely a declaration of intent to adopt. On remand, the petitioner should be given an opportunity to present additional evidence that the adoption document constitutes a final decree of adoption, including, if it is deemed necessary by the District Director, a new translation of that document.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.